**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1974
_____

HO KA TERENCE YUNG,
                              Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF JUSTICE;
UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:20-cv-00032)
District Judge:  Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2022
Before:  MCKEE, SHWARTZ, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 6, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ho Ka Terence Yung appeals pro se from an order of the United States District Court for the District of Delaware that sua sponte dismissed his civil complaint for lack of standing. For the following reasons, we will affirm.

Yung pleaded guilty to cyberstalking under 18 U.S.C. §§ 2261A(2)(B) and 2261(b). On direct appeal, he challenged the cyberstalking law as overbroad. We recently rejected that challenge, reading the statute narrowly to "ensure that protected speech largely escapes the law's net." United States v. Yung, -- F.4th –, 2022 WL 2112794, at *6 (3d Cir. 2022).

In addition to challenging the constitutionality of § 2261A(2)(B) through his criminal case, Yung also filed a civil action seeking declaratory and injunctive relief on the ground that § 2261A(2)(B) is unconstitutional as applied to his past and future speech.[1] In particular, that speech included "two fake Twitter accounts … allegedly created in the name of" a professor who had interviewed Yung for admission to a pre-college program. (ECF 14, at 2-3.) Those Twitter accounts were cited in Yung's presentence report, but did not form the basis of his conviction. In the complaint, Yung stated that the Twitter accounts were "pretty funny" and that he would "intend to engage in the aforementioned speech activity in the future, but he has exercised considerable self-censorship as a consequence of the chilling effect of the federal cyberstalking law." (Id. at 3.)

---

[1] Yung also filed a motion for a subpoena duces tecum to obtain prison trust account statements (ECF 11, 13), a motion for sanctions against an Assistant United States Attorney involved in his criminal case (ECF 5), and requests for a preliminary injunction

The District Court sua sponte dismissed the complaint for lack of jurisdiction (ECF 20), holding that Yung did not have standing because "the threat of prosecution under … § 2261A(2)(B) is grounded in mere speculation."[2] (ECF 19, at 9.) Yung appealed.[3] (ECF 21.)

Constitutional standing under Article III is a threshold jurisdictional issue, see Wayne Land & Min. Grp., LLC v. Delaware River Basin Comm'n, 959 F.3d 569, 574 (3d Cir. 2020), and we generally cannot employ "hypothetical jurisdiction" to "resolve contested legal questions when jurisdiction is in doubt." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-02 (1998). Courts of Appeals have, however, recognized "an exception to the rule against assuming the existence of standing in those 'peculiar circumstances' where the outcome on the merits has been 'foreordained' by another case…." Ctr. for Reprod. Law & Policy v. Bush, 304 F.3d 183, 194 (2d Cir. 2002)

---

and an evidentiary hearing (ECF 4, 15).

[2] The District Court also denied Yung's motion for a subpoena duces tecum and his motion for sanctions. Yung does not challenge those denials on appeal. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief). Yung does challenge the District Court's denial of his motions for a preliminary injunction and for an evidentiary hearing. Because those requests were contingent on his challenge to § 2261A(2)(B), which, as explained below, lacks merit, we conclude that there was no abuse of discretion. Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (stating that the Court reviews the denial of a motion for a preliminary injunction "for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof" (internal quotations omitted)); Elliott v. Kiesewetter, 98 F.3d 47, 53 (3d Cir. 1996) (reviewing the District Court's decision not to hold an evidentiary hearing prior to denying the motion for a preliminary injunction for abuse of discretion).

[3] We have jurisdiction under 28 U.S.C. § 1291 and may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

(quoting <u>Steel Co.</u>, 523 U.S. at 98).  Thus, "a court may rule that a party loses on the merits without first establishing jurisdiction because the merits have already been decided in the court's resolution of a claim over which it did have jurisdiction."  <u>Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.</u>, 569 F.3d 1244, 1260 (10th Cir. 2009).

This exception applies here, where "the jurisdictional question could have no effect on the outcome."  <u>Steel Co.</u>, 523 U.S. at 98.  Indeed, the issue that Yung presents was recently rejected in our affirmance his conviction.  Therefore, "we need not reach the academic question of Article III standing in this case."  <u>Bush</u>, 304 F.3d at 195.  Rather, we will affirm on the ground that Yung's challenge to § 2261A(2)(B) as unconstitutionally overbroad fails for the reasons stated in our decision affirming his conviction.  <u>See</u> <u>Yung</u>, -- F.4th –, 2022 WL 2112794, at *2-7.